IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| STEVEN LE ANDRE JOHNSON | § | |
| v. | § | CIVIL ACTION NO. 9:04cv108 |
| DAVID BONE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Steven Johnson, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights.  This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

An evidentiary hearing was conducted on April 11, 2006.  At this hearing, Johnson testified that he was allergic to a large number of foods, but that he was experiencing difficulties in obtaining a proper diet.  He sued Warden David Bone, a grievance coordinator named Deborah Hurley, a physician's assistant named Fred Moore, two food service officers, Foxworth and Davis, and the Gib Lewis Unit Food Service Department and Medical Department.

The Magistrate Judge reviewed copies of Johnson's records, including his medical and grievance records, considering these records only insofar as they did not contradict Johnson's complaint and testimony.  These records showed that Johnson did have food allergies, although the records were less than entirely clear as to the precise foods to which he was allergic; recent medical records show his allergies as including eggs, peanuts, chocolate, fish, and penicillin, as well as

1

lactose intolerance, but at various times Johnson has included pork, salami, tomatoes, shellfish, pasta, wheat, soy, walnuts, and other tree-nuts as foods to which he is allergic.[1]

While the records show that Johnson has seen medical personnel numerous times, the advice which he has received is to not eat the foods to which he is allergic.  The Magistrate Judge concluded that this advice did not amount to deliberate indifference to his serious medical needs.  The Magistrate Judge also noted that Johnson did not allege that he ever suffered a reaction from a food-related allergy, nor that he was ever denied medical care for a food-related allergy, nor that he has suffered any other type of harm; his weight has remained steady over the course of several months.

Similarly, the Magistrate Judge concluded that Johnson failed to show any constitutional violation on the part of the food service department.  Johnson acknowledged that the food service officers told him that they could not give him a special diet without an order from the medical department, which Johnson did not have.  Finally, the Magistrate Judge stated that Johnson's claims against the warden and the grievance officer were without merit.

Johnson filed objections to the Magistrate Judge's Report on June 29, 2006.  In his objections, Johnson says that his lawsuit is not frivolous and states a claim upon which relief may be granted because the Court can order the defendants to provide him with a special diet.  Johnson concedes that he has not eaten foods to which he is allergic, but says that he has suffered "headaches, hunger pains, and mental anguish," which mental anguish has caused him to cut his arms and wrists.

Johnson's objections are without merit.  He has not shown that the Defendants were deliberately indifferent toward him or that they otherwise violated his rights under the Constitution of the United States, and so his claims are frivolous because they lack an arguable basis in law.  The fact that Johnson can identify relief which he desires the Court to grant does not mean that he has "a claim upon which relief may be granted."

---

[1] Johnson provides different lists of allergen foods in different grievances, adding to the difficulty in determining the precise contours of his food allergy.

Although Johnson alleges that he has suffered "headaches and hunger pains," he gives no indication that these were anything other than *de minimis*. *Cf.* Talib v. Gilley, 138 F.3d 211, 214 (5th Cir. 1998) (inmate who was deprived of 50 meals in five months, losing 15 pounds, had not shown that he was denied "anything close to a minimal measure of life's necessities.") While he asks that he be given a special diet, he himself is never clear, in his communications with prison officials, as what exactly his food allergies consist of.

Finally, Johnson says that he has suffered mental anguish to the point where he has cut his arms and wrists. 42 U.S.C. §1197e(e) says that "no federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. In this case, Johnson has not made a prior showing of physical injury; he says that the cutting of his arms and wrists was the result of the mental anguish which he suffered, making this a subsequent, not a prior, injury and thus outside of the statute.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is therefore

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the 21 day of **July, 2006.**

_____
Thad Heartfield
United States District Judge